**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BERNARDO FIGUEROA,**

v. C.A. No. 04 - 358 ML

**A.T. WALL,** Director, Rhode Island Department of Corrections, **JOSEPH DINITTO,** Associate Director, Rhode Island Department of Corrections.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Bernardo Figueroa, *pro se*, a Rhode Island inmate legally incarcerated at the Red Onion State Prison, Pound, Virginia filed a complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his rights guaranteed by the Eighth Amendment. Plaintiff names as defendants A.T. Wall ("Wall"), Director of the Rhode Island Department of Corrections, and Joseph A. DiNitto ("DiNitto"), its Associate Director.

Defendants Wall and DiNitto have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff has objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for report and recommendation. For the reasons that follow, I recommend the defendants' motion for summary judgment be granted.

**Undisputed Facts**

The following are the undisputed facts ascertained from the parties' submissions in this matter:

Plaintiff is a Rhode Island inmate currently incarcerated at a confinement facility in Virginia as a result of a negotiated settlement of another lawsuit. Plaintiff filed the instant complaint on August 20, 2004. In the complaint, plaintiff alleges that he has been subjected to cruel and unusual punishment while housed at the Red Onion State Prison in Virginia from October 2003 until August 5, 2004. Specifically, plaintiff alleges that he was housed in a cell that is illuminated twenty-four hours a day which, consequently, damaged his eyesight, denied adequate medical care,[1] has had devices "implanted" in his ears, has been subjected to physical and verbal abuse, and has been denied access to legal materials.

Plaintiff wrote to defendants Wall and DiNitto regarding these alleged wrongs and sought to be relocated to another prison. Each time plaintiff wrote to the defendants complaining about this alleged inhumane treatment, the defendants requested an investigation by the appropriate Virginia officials. The Virginia officials, in turn, reported to the defendants that they conducted investigations and that the plaintiff's allegations were "false" and "unfounded." Indeed, the Virginia officials made specific findings to the defendants on each of plaintiff's claims, indicating that each claim was without merit. Additionally, an October 8, 2004 letter from the Virginia officials to the defendants indicates that "[d]ue to Inmate Figueroa's persistence and his gross inaccuracies regarding his complaints" the physician assigned to Virginia prison where the plaintiff is confined is "considering making a psychiatric referral."

---

[1] The Court notes that since his arrival at Red Onion State Prison on or about September 26, 2003, until May 18, 2004, a period of roughly eight months, plaintiff has been seen by a nurse 25 times, by a physician 12 times, and has even refused to be seen by a physician for medical care on at least 3 occasions. See Defendants' Exhibit I.

## Discussion

### A. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Rule 56 has a distinctive set of steps. When requesting summary judgment, the moving party must "put the ball in play, averring 'an absence of evidence to support a nonmoving party's case.'" Garside, 895 F.2d at 48 (quoting Celotex v. Catrett, 477 U.S. 317, 325 (1986)). The nonmovant then must document some factual disagreement sufficient to deflect brevis disposition. Not every discrepancy in the proof is enough to forestall summary judgment; the disagreement must relate to some issue of material fact. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-248 (1986).

On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. See id. at 256-257. This evidence "can not be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). Evidence that is merely colorable or is not significantly probative cannot deter summary judgment. Anderson, 477 U.S. at 256-257.

### B. 42 U.S.C. § 1983

The plaintiff has brought suit under 42 U.S.C. § 1983. Section 1983 provides, in pertinent

part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Thus, in order to maintain a section 1983 action, the conduct complained must be committed by a "person" acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640, (1980); see also, Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). Here, there is no dispute that the named defendants acted under the color of state law. The only question presented is whether plaintiff can demonstrate that the defendants violated the Eighth Amendment.

**C. The Eighth Amendment**

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Punishment for crime has been held to be cruel and unusual if it is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.' " Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

It is well established that the prohibition against cruel and unusual punishments requires prison officials to "provide humane conditions of confinement" for inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). That requirement includes an obligation to "ensure that inmates receive

adequate food, clothing, shelter and medical care" and to "take reasonable measures" to provide for their safety. Id. at 832 (internal quotation omitted).

Section 1983 does not impose vicarious liability on prison officials for injuries that may be sustained by a prisoner. See Matos v. Davila, 135 F.3d 182, 192 (1st Cir. 1998)(supervisory liability under § 1983 may be based only upon a supervisor's own acts or omissions). Establishing an Eighth Amendment violation by prison officials based upon conditions of confinement requires proof that the conditions presented a "substantial risk of serious harm," and that the official has "a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).

In order to demonstrate deliberate indifference, it must be shown that the prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. It requires evidence that the official has "an actual subjective appreciation of the risk [that] has been likened to the standard for determining criminal recklessness." Giroux, 178 F.3d at 32. Moreover, even where such risk is known, a prison official cannot be deliberately indifferent if he takes reasonable steps to avoid the harm. Farmer, 511 U.S. at 843.("[P]rison officials who actually know of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to he risk, even if the harm was ultimately not averted.").

Here, plaintiff has failed to set forth any evidentiary support to demonstrate "deliberate indifference" on the part of Wall and DiNitto. In other words, the plaintiff has failed to demonstrate that DiNitto or Wall could have inferred, or could have reasonably inferred, any substantial risk of serious harm to the plaintiff. The defendants repeatedly requested that the Virginia prison official investigate plaintiff's claims and the Virginia officials reported to the defendants that plaintiff's

claims were baseless.

Moreover, defendants here "responded reasonably" to plaintiff's complaints. The undisputed facts demonstrate that DiNitto and Wall asked Virginia officials to investigate plaintiff's numerous complaints, and on each occasion, Virginia officials assured the defendants that plaintiff's complaints were unfounded.

Accordingly, I find that defendants Wall and DiNitto's motion for summary judgment should be granted. Plaintiff has failed to set forth any evidence demonstrating "deliberate indifference" on the part of Wall or DiNitto.

## Conclusion

For the reasons set forth above, I recommend that defendants Wall and DiNitto's motion for summary judgment be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 6 , 2005