UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**BERNARDO FIGUEROA**

**v.** **C.A. No. 04-358 ML**

**ASHBEL T. WALL, et al.**

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Bernardo Figueroa ("Figueroa" or "plaintiff"), *pro se*, a Rhode Island inmate legally confined at a prison in Virginia, filed a complaint alleging violations of his Eighth Amendment rights. Named as defendants are A.T. Wall and Joseph DiNitto, officials at the Rhode Island Department of Corrections. Presently before the Court is the motion of the plaintiff for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Defendants have objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed. R. Civ. P. 65.)

## Discussion

Plaintiff, a Rhode Island inmate confined in Virginia, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. Plaintiff also filed with the Court a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65 (a). By way of the instant motion, plaintiff seeks an Order from the Court directing the defendants to relocate the plaintiff to a confinement

facility outside of the state of Virginia.

To determine the appropriateness of granting a preliminary injunction, the First Circuit employs a "quadripartite test," taking into account (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the four requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff has failed to demonstrate a likelihood of success on the merit of this case. I have recommended that summary judgment be entered in favor of the defendants on all of plaintiff's claims. See Figueroa v. Wall, C.A. No. 04-358 ML, Report and Recommendation, filed September 6, 2005 (Hagopian, U.S.M.J.). Accordingly, since the plaintiff has failed to surpass the summary judgment hurdle, he has not shown a likelihood of success on the merits of the case. Accordingly, plaintiff's motion for a preliminary injunction should be denied. I so recommend.

**Conclusion**

For the reasons state above, I recommend that plaintiff's motion for preliminary injunction be denied. Any objection to this report and recommendation must be specific and must be filed with the clerk of court within ten days of its receipt. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Company, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 6, 2005