UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. C.A. No. 04-358 ML.

ASHBEL T. WALL, ET. AL.

MOTION TO EXPEDITE TRIAL AND OBJECTION TO U.S. MAGISTRATE JUDGE' REPORT AND RECOMENDATION OF SEPT. 6, 2005

this is a motion to expedite Trial and an objection to a report and Recommendation which have been submitted by Honorable Jacob Hagopian, US. Magistrate Judge on september 6, 2005.

this Court had a consent form to be heard before a magistrate Judge, the Plaintiff did not only declined to be heard before a magistrate, but also filed several requests and motion asking magistrate Judge Hagopian to Recuses himself from Plaintiff's Pending action said requests and motion was denied by both magistrate Judge Hagopian and the Court.

Nevertheless, citing oscurity in the original and amended pro-se complaint this matter proceeded to a magistrate for recommendation and finding.

Prior to his report and recommendation, on February 14, 2005, during a telephonic conference magistrate Judge Hagopian asked the plaintiff if he agree to settle his pending cases with the RIDOC for them to arrange to transfer him outside of Virginia jurisdiction, and an arrangement was made and after New Hampshire agreed to accept the plaintiff, a telephonic conference was held before magistrate Judge Hagopian during said conference yet swivels 180 degrees indicated to the plaintiff that there will be not settlement that he has to proceed in Virginia that the action would be schedule for a trial if he faile to appear his case will be dismissed.

Accordingly on February 14, 2005, a pretrial order was issued by the court, the plaintiff did comply with all the requirement of the pretrial order, the defendants failed to do so, and April 13, 2005 filed a motion to dismiss and/or for summary judgment to which plaintiff strongly objected and provide evidence and information of specific facts illustrating genuine issues for trial.

On September 6, 2005, U.S. Magistrate Judge Hagopian

issued a Report and Recommendation, Recommending that defendants' motion for summary judgment be granted. in his finding the magistrate concluded that plaintiff has failed to set forth any evidence to demonstrate deliberate indifference on the part of defendants Wall and DiNitto, or Wall and DiNitto could have inferred any substantial risk of serious harm to the plaintiff because Virginia Prison Officials investigate plaintiff's claims and reported to the defendants that plaintiff's claims were baseless. the magistrate is very well aware that the relevant stards is that if plaintiff is being subjected to unconstitutional conditions in Virginia on a regular basis and or continuing basis and defendants knows of these conditions but refuses to relocate plaintiff, defendants might be held resposible. Furthermore, both, the magistrate and the defendants know of the unconstitutional conditions plaintiff is being subjected in Virginia and the plaintiff has provided strong information and evidence that no investigation have been conducted that there is not investigative report and that it is the defendants themself who has requested these false information from Virginia officials to mislead the court. to be subjected to vicious phisical punishment is bad, to be subjected to medical experiment and have devices illegally implanted and denied medical and dental care is bad.

to be strapped to a metal bed in a cold cell lying in your own waste is bad, to be physically mentally and psychologically torture is bad, "but to be subjected to a complete denial of addressing the issues is worse" Yet to be ignored, or told in effect that it never happened at all, without even a hearing or fair opportunity to present evidence, is for all practical purposes, to render the laws and constitution meaningless.

In conclusion, While the various levels of jurisprudence may see their respective ways through the issues differently, the overal result is to arrive at an agreeable solution: summary dismissal without real regard to the vital issues is, as the courts ferred "Ostrichism", though, though times calls for leaning the budget-including frivolous litigation - this should not preclude justice for a meaningful complaint. To do so would pave the way for incursion into hard won and righteous precedents by the mentality who seek to use the power and authority of the judicial branch to totally obliterate the very class the laws are designed to protect, against these very same incursions. Magistrate Judge Hagopian has became my judge, my jury and my executioner.

Wherefore, the Plaintiff objects to us- magistrate

Judge Hagopian's Report and Recommendation, and Prays that this Honorable Court expedite Trial by Jury.

Respectfully submitted,

[signature]

Bernardo Figueroa #272332
Red Onion State Prison
P.O. Box 1900
Pound, Virginia 24279

# CERTIFICATE OF SERVICE

I hereby Certifies that on this 14th day of September 2005, A true copy of the Within Objection Was mailed to defendants' attorney, Michael B. Grant, at RIDOC. Legal Dept. 40 Howard Ave. Cranston, R I 02920